IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-57-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NATHANIEL LEWIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On May 12, 2020, Nathaniel Lewis, Jr. ("Lewis" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 173]. On March 2, 2022, Lewis, through counsel, filed a memorandum in support [D.E. 222]. On April 8, 2022, the government responded in opposition [D.E. 228]. As explained below, the court denies Lewis's motion.

I.

On December 11, 2017, pursuant to a written plea agreement, Lewis pleaded guilty to conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl. See [D.E. 81, 84–85]. On April 25, 2018, the court held Lewis's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 114]; [D.E. 124]. The court calculated Lewis's total offense level to be 29, his criminal history category to be III, and his advisory guideline range to be 120 to 135 months' imprisonment. See PSR ¶¶ 34, 77, 79. After granting the government's downward departure motion and considering the arguments of counsel and all relevant factors under

18 U.S.C. § 3553(a), the court sentenced Lewis to 90 months' imprisonment. See [D.E. 124–25]. Lewis did not appeal.

On May 12, 2020, Lewis moved for compassionate release. See [D.E. 173]. The government opposes the motion. See [D.E. 228].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether

extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or

3

(D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Lewis applied to the warden for compassionate release and received a denial on April 21, 2020. See [D.E. 173-1]. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 228] 3. Therefore, the court addresses Lewis's motion on the merits. See Muhammad, 16 F.4th at 130.

Lewis seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (asthma, hypertension, and a lipoma), his rehabilitation efforts, his release plan, his supportive family, and the time he has already served. See [D.E. 222] 7–9, 10–11; [D.E. 222-2] 3.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Lewis has asthma, hypertension, and a lipoma and argues these medical conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 222] 7–9. Other than the risk from COVID-19, Lewis does not argue that the BOP is not providing needed treatment for his medical conditions or that he is unable to manage his medical conditions while incarcerated. See [D.E. 222-2] 3–4. And Lewis has received two doses of the COVID-19 vaccine. See id. at 5. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out

4

reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Lewis from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Lewis's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

5

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Lewis's medical conditions, his rehabilitation efforts, his release plan, his time served, and his supportive family together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Lewis's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Lewis is 39 years old and is incarcerated for conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl. See PSR ¶¶ 1, 9, 40. Lewis was responsible for distributing 637.86 grams of heroin, 1.28 kilograms of cocaine, and 253.6 grams of a mixture containing fentanyl. See id. ¶ 21. Lewis's criminal history includes repeated drug and weapon offenses. See id. ¶¶ 26–31. Before this conviction, Lewis received felony convictions for robbery (two counts), use of a firearm in the commission of a felony (two counts), distribution of heroin, and possession of a controlled substance with intent to distribute. See id. ¶¶ 26–27, 30–31. Lewis also received misdemeanor convictions for sexual battery and for serving as an accessory after the fact in a heroin sale (two counts). See id. ¶¶ 25, 28–29. He also has a poor record on supervision, having violated probation and had his probation revoked. See id. ¶¶ 26–27. Additionally, during a traffic stop in 2016, Lewis led police on a vehicle and foot chase. See id. ¶ 14.

Lewis has made some positive efforts while federally incarcerated. He has completed drug abuse programs and taken classes on parenting, drug education, and banking, among other topics.

6

See [D.E. 222] 10; [D.E. 222-4]. He has not incurred infractions while incarcerated. See [D.E. 222] 10.

The court must balance Lewis's positive efforts while federally incarcerated with his serious criminal conduct, his serious and violent criminal history, his history of poor performance on probation, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Lewis's potential exposure to COVID-19, his medical conditions, his rehabilitative efforts, his release plan, and the length of time remaining in his sentence. Lewis has a release plan that includes living with a family member, returning to employment in food service, and helping to care for his child. See PSR ¶ 42; [D.E. 222] 10–11. The court recognizes Lewis has a supportive family and friends. See [D.E. 222] 11; [D.E. 222-5]. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Lewis's arguments, the government's persuasive response, the need to punish Lewis for his serious criminal behavior, to incapacitate Lewis, to promote respect for the law, to deter others, and to protect society, the court denies Lewis's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 173].

SO ORDERED. This _1_ day of September, 2022.

                                                     JAMES C. DEVER III
                                                     United States District Judge